## CERTIFICATE OF SERVICE

I, _____Lauren W. Box, Esq._____ , certify that I am, and at all times during the service of process was,
(name)
not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint and a copy of Local Rule 7001-1 was made __February 25, 2026__ by:
(date)

[X] Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

Please see the attached Exhibit "A"

[ ] Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

[ ] Residence Service: By leaving the process with the following adult at:

[ ] Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

[ ] Publication: The defendant was served as follows: [Describe briefly]

[ ] State Law: The defendant was served pursuant to the laws of the State of _____
as follows: [Describe briefly]                                                                    (name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

__2-25-2026__                              __Lauren W Box__
Date                                        Signature

| Print Name | Lauren W. Box, Esq.<br>Johnson Law Firm, P.A. |
| --- | --- |
| Business Address | 301 West Bay Street<br>Suite 1453 |
| City   Jacksonville | State   FL    Zip   32202 |

# Exhibit "A"

Michael Patrick Adams
6 Carlson Court
Palm Coast, Florida 32137
*At his dwelling house or usual place of abode*

Mark William Adams
21 Mahoe Drive South
Palm Coast, Florida 32137
*At his dwelling house or usual place of abode*

# U.S. Bankruptcy Court
# Middle District of Florida

In re:  
**NICOLE ALLISON ADAMS**  
Debtor

Bankruptcy Case No. **3:25−bk−02944−JAB**

**AARON R. COHEN, CHAPTER 7 TRUSTEE**  
Plaintiff  
v.  
**MICHAEL PATRICK ADAMS**  
**MARK WILLIAM ADAMS**  
Defendant

Adversary Proceeding No. **3:26−ap−00039−JAB**

## *SUMMONS IN AN ADVERSARY PROCEEDING*

**YOU ARE SUMMONED** and required to submit a motion or answer to complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days from the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days of issuance.

| **Address of Clerk** |
|---|
| **Clerk, U.S. Bankruptcy Court**<br>**Middle District of Florida**<br>**Bryan Simpson United States Courthouse**<br>**Jacksonville, FL 32202** |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| **Name and Address of Plaintiff's Attorney** |
|---|
| **Eugene H Johnson**<br>**301 W. Bay Street**<br>**Suite 1453**<br>**Jacksonville, FL 32202** |

If you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**



Clerk, U.S. Bankruptcy Court

**\*\*\* Important Notice \*\*\***
.
**The enclosed Certificate of Service must be filed with the court <u>along with a copy of this summons</u> after service has been made on the parties.**

CSD 3007

# Rule 7001-1

## ADVERSARY PROCEEDINGS – PROCEDURES

(a) ***General.*** This rule applies to all adversary proceedings and, if ordered by the Court, to contested matters. To the extent that the time periods set forth in this rule conflict with those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or other Local Rules, this rule controls.

(b) ***Injunctive Relief.*** If a pleading or other paper filed with the Court contains a request for injunctive relief pursuant to Fed. R. Bankr. P. 7065, the title of the pleading or paper must include the words "Injunctive Relief Sought" or the equivalent.

(c) ***Service.*** Plaintiff must serve the summons issued by the Clerk, the complaint, and a copy of this rule within seven days after the summons is issued as required by Fed. R. Bankr. P. 7004(e). If the initial summons and accompanying papers are not timely served, plaintiff must promptly request the issuance of an alias summons and serve the alias summons together with the complaint and a copy of this rule. Plaintiff must serve all defendants no later than 28 days after the complaint is filed. If an additional party is thereafter named as a plaintiff or a defendant, plaintiff must serve a copy of this rule on each additional party within seven days of the date that the additional party is named.

(d) ***Proof of Service.*** Plaintiff must promptly file a proof of service indicating the service of each summons, the complaint, and this rule on each defendant.

(e) ***Failure to Effect Service.*** If plaintiff does not complete timely and effective service of the summons and complaint, the Court may dismiss the adversary proceeding for lack of prosecution without further notice or hearing. If plaintiff requires additional time to effect service, plaintiff must file a motion for extension of time.

(f) ***Defaults.*** If a defendant has not filed a timely response, plaintiff must seek entry of a Clerk's default of that defendant and move for judgment by default no later than 60 days after the complaint is filed. If plaintiff requires additional time to apply for the entry of default or to move for judgment by default, plaintiff must file a motion for extension of time.

(g) ***Initial Disclosures.*** Pursuant to Fed. R. Civ. P. 26(f), at or prior to the Meeting of Parties described below, and without any formal discovery requests, each party must:

(1) identify in writing the name and, if known, the address and telephone number of each individual with discoverable information relevant to the disputed facts;

(2) provide copies of or a written description by category and location of all documents that are relevant to the disputed facts;

>> (3) provide a written computation of any damages claimed; and

>> (4) provide a copy of any insurance agreement that may be available to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

> (h) ***Meeting of Parties.*** At least 14 days prior to the pretrial or status conference, the attorneys for the parties, or the parties (if not represented by an attorney), must meet (the "Meeting of Parties") to discuss:

>> (1) the parties' claims and defenses;

>> (2) the possibility of settlement;

>> (3) the initial disclosures required in section (g) above; and

>> (4) a discovery plan as required by Fed. R. Civ. P. 26(f). Unless otherwise ordered by the Court, the parties may orally announce their discovery plan at the pretrial or status conference and need not file a written report.

> (i) ***Pretrial or Status Conference.*** The Court will conduct a pretrial or status conference at any time after a responsive pleading is filed but, in any event, approximately 90 days after the complaint is filed. The parties may not introduce testimony or documentary evidence at the pretrial or status conference. The Court, however, may consider relevant undisputed facts, affidavits offered without objection from the opposing parties, judicial notice items, and admissions made during the pretrial or status conference by parties either directly or through counsel.

> (j) ***Discovery.***

>> (1) ***General.*** Parties should be familiar with the Local Rules regarding discovery, including Local Rules 7026-1, 7026-2, 7030-1, 7033-1, and 7037-1.

>> (2) ***Commencement of Discovery.*** Absent leave of Court, discovery may not commence until the conclusion of the Meeting of Parties.

>> (3) ***Discovery Deadline.*** Parties must complete discovery no later than seven days before the trial date except that the parties may complete previously scheduled depositions up to the trial date.

>> (4) ***Discovery Disputes.*** If a discovery dispute occurs, the parties must first confer in good faith to attempt to resolve the issues, as required by Fed. R. Civ. P. 37(a)(1), as incorporated by Fed. R. Bankr. P. 7037. If the parties are unable to resolve the dispute, any party may request a telephone conference with the Court so that the Court may render an informal, preliminary ruling on the discovery dispute, without prejudice to the right of any party to file a formal motion.

(5) ***Discovery Papers Should Not Be Filed with the Court.*** Consistent with Fed. R. Civ. P. 5, as incorporated by Fed. R. Bankr. P. 7005, disclosures under Fed. R. Civ. P. 26(a)(1) or (2) and the following discovery responses and requests must not be filed with the Court until they are used in the case or proceeding or the Court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admissions.

(k) ***Motions.***

(1) ***General.*** A motion filed with the Court must request only one form of relief unless the request seeks alternative forms of relief under the same provision of the Bankruptcy Code or Federal Rules of Bankruptcy Procedure.

(2) ***Format.*** All motions, responses, and replies must comply with the Court's Style Guide posted on the Court's website, www.flmb.uscourts.gov. Papers should be double spaced and, where appropriate, include a legal memorandum containing argument and citations of authorities.

(3) ***Page Limits.*** Absent leave of Court, all motions, responses, replies, and supporting memoranda must not exceed ten pages in length. Proofs of service, properly attached and identified exhibits, and the signature block of counsel are not considered for purposes of calculating page limits. If any paper violates this subsection (k), the Court may, *sua sponte* or upon motion of a party, strike the subject paper.

(4) ***Motions Required to Be Served Using the Court's Negative Notice Procedures.*** The following motions must be served using the negative notice procedures of Local Rule 2002-4:

(A) motions to dismiss and other motions under Fed. R. Bankr. P. 7012;

(B) motions to amend pleadings;

(C) motions regarding joinder or substitution of parties;

(D) motions for leave to intervene;

(E) motions to abstain;

(F) motions for attorney's fees or costs under Fed. R. Bankr. P. 7054;

(G) motions under Fed. R. Bankr. P. 9023 and 9024; and

(H) motions related to discovery, except that the moving party may submit a proposed order simultaneously with the filing of the motion if:

(i) the responding party has failed to respond to a discovery request;

    (ii) the motion does not include a request for sanctions, waiver of objections, or deemed admissions; and

    (iii) the proposed order gives the respondent 14 days to produce documents or respond to the discovery request.

The negative notice legend must provide for a 14-day response period. The moving party may file a reply, if desired, no later than seven days after the response is filed.

  (5) ***Emergency Motions.*** The Court will, in its discretion, consider emergency motions at any time. Emergency motions must comply with Local Rule 9013-1(d) and must be filed using the Emergency Matters Notification Procedure on the Court's website, www.flmb.uscourts.gov.

  (6) ***Motions to Determine if the Bankruptcy Court Has Authority to Enter Final Orders or Judgments.*** Under 28 U.S.C. § 157(b), the Bankruptcy Court does not have jurisdiction to enter final orders or judgments on claims (A) that are non-core or (B) that are statutorily core but that (i) involve state law claims that arise independently of the Bankruptcy Code and (ii) are not part of the claims allowance process. A party who seeks a determination that the Bankruptcy Court does not have jurisdiction to enter final orders or judgments on any issue raised in the adversary proceeding must file a motion for such determination no later than the date set for filing a response to the complaint. A party who fails to timely file such a motion is deemed to have consented to the Bankruptcy Court's entry of final orders and judgments in the proceeding. However, a party's failure to timely file such a motion does not constitute a waiver of that party's right to appeal under 28 U.S.C. § 158.

  (7) ***Motions for Summary Judgment.*** Unless the Court orders otherwise, motions for summary judgment must be filed no later than 60 days prior to trial. The Court may or may not set a hearing on the motion for summary judgment. Absent order or direction of the Court, the trial will proceed as scheduled even if a motion for summary judgment is pending.

 (l) ***Pretrial Disclosures of Witnesses and the Use of Depositions.*** Fed. R. Civ. P. 26(a)(3) (except with respect to time limits) governs pretrial disclosures regarding witnesses and use of depositions. Parties must file and exchange names, telephone numbers, and addresses for witnesses, and any designations of depositions at least 28 days before trial. Objections to the use of depositions must be filed within 14 days of the disclosure. Parties must confer on any factual or evidentiary stipulations prior to trial.

 (m) ***Joint Stipulation of Undisputed Facts.*** The parties must meet in person or by video to prepare a joint stipulation of undisputed facts and exhibits that may be admitted into evidence without objection. The stipulation must be filed no later than seven days before the date set for trial.

(n) *Exhibits.*

(1) *Exhibits to Be Filed and Exchanged via CM/ECF.* Parties must prepare exhibits in compliance with Local Rule 9070-1 and must file and exchange exhibits no later than seven days before the date set for trial.

(2) *Self-Authentication of Records of Regularly Conducted Activity.* A party who intends to rely upon the self-authentication procedures of Fed. R. Evid. 902(11) or (12) to introduce into evidence records of regularly conducted activities under Fed. R. Evid. 803(6) must, within at least 28 days before trial, file with the Court and serve on other parties the written declaration required by Fed. R. Evid. 902(11) or (12) and a copy of all records sought to be admitted.

(3) *Objections to Admissibility of Exhibits.* Written objection to the admission of an exhibit into evidence on the grounds that the exhibit (A) lacks authentication or (B) does not qualify as an exception to the hearsay rule as a record of a regularly conducted activity under Fed. R. Evid. 803(6) must be filed before the close of business on the second day before trial or the objection will be deemed waived.

(o) *Expert Witness Testimony.* Unless the Court orders otherwise, a party who wishes to offer expert testimony at trial must comply with the requirements of Fed. R. Civ. P. 26(a)(2).

(p) *Stipulations.* All stipulations of the parties must be made in writing, signed, and promptly filed with the Court.

(q) *Supplementation of Disclosures.* Parties are under a duty to supplement or correct their Initial Disclosures and their Pretrial Disclosures in accordance with Fed. R. Civ. P. 26(e).

(r) *Sanctions.* Failure to comply with all requirements of this rule may result in the imposition of sanctions that could include striking a party's pleading or denial of the right to introduce evidence or witness testimony.

(s) *Settlements.* Pursuant to Local Rule 9019-1, parties must immediately notify the Court of any settlement and promptly file and serve a motion to approve the compromise in the debtor's main case, not in the adversary proceeding. If the complaint asserts claims under 11 U.S.C. § 523 only, a motion to approve the compromise is not necessary. However, if desired, the parties may seek approval of the settlement by filing a motion in the adversary proceeding.

_____

*Notes of Advisory Committee*

*2025 Amendment*

This amendment revises section (k)(4) to conform the rule to the Court's Negative Notice and Accompanying Orders Lists regarding motions related to discovery in certain circumstances. Other changes are stylistic. This amendment to the rule is effective August 15, 2025.

*2024 Amendment*

The amendments to section (k) extend the ten-page limit to all motions, responses, replies and supporting memoranda filed with the Court and remove motions for summary judgment from the Court's negative notice procedures. New section (m) conforms the rule to the Court's current practices and form orders regarding joint stipulations of fact to be submitted before trial. Other changes are stylistic. This amended rule is effective August 15, 2024.

*2019 Amendment*

The amendment to section (k)(4) specifies the types of motions that are required to filed using the Court's negative notice procedures. Amended section (m)(3) provides that written objection to the admission of an exhibit into evidence on the grounds that the exhibit (a) lacks authentication or (b) does not qualify as an exception to the hearsay rule as a record of a regularly conducted activity under Fed. R. Evid. 803(6) must be filed before the close of business on the second day before trial or the objection will be deemed waived. Revised section (k)(4) specifies the types of motions that are required to be filed using negative notice procedures. This amended rule is effective July 1, 2019.

*2017 Amendment*

This rule is revised to require that pleadings or other papers requesting injunctive relief so state in the title. And, consistent with Fed. R. Civ. P. 5, the rule states that discovery papers must not be filed with the Court. Section (k)(6) is revised to more clearly explain that the Bankruptcy Court lacks jurisdiction to enter a final order or judgment in cases that are non-core or that are statutorily core but involve state law claims, as explained by the Supreme Court in *Stern v. Marshall,* 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011). Other amendments are stylistic. This amendment to the rule is effective July 1, 2017.

*2016*

This new rule incorporates the provisions of archived Administrative Order FLMB-2014-10 "Administrative Order Prescribing Procedures for Adversary Proceedings." In addition, section (f)(4) regarding pretrial disclosures is now consistent with Fed. R. Civ. P. 26(f). The rule also clarifies the requirement that motions in adversary proceedings be filed and served using the negative notice procedures of Local Rule 2002-4. This new rule is effective July 1, 2016.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| **In re:** | CASE NO.: 3:25-bk-02944-JAB |
| **NICOLE ALLISON ADAMS,** | Chapter 7 |
|     Debtor. | |
| _____/ | |
| **AARON R. COHEN, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE,** | Adv. P. No. 3:25-ap-_____-JAB |
|     Plaintiff, | |
| v. | |
| **MICHAEL PATRICK ADAMS and** | |
| **MARK WILLIAM ADAMS,** | |
|     Defendants. | |
| _____/ | |

## COMPLAINT

NOW COMES Plaintiff, Aaron R. Cohen, in his capacity as Chapter 7 Trustee (and not individually) ("**Plaintiff**" or "**Trustee**"), by and through the undersigned counsel, and for his Complaint against Defendants, Michael Patrick Adams and Mark William Adams ("**Defendants**"), states, alleges, and avers as follows:

1. Plaintiff is the duly qualified and acting Trustee in the matter captioned as *In re Nicole Allison Adams*, Case No. 3:25-bk-02944-JAB, United Stated Bankruptcy Court, Middle District of Florida, Jacksonville Division, having been so appointed on August 26, 2025.

2. Upon Plaintiff's information and belief, Defendant Michael Patrick Adams is an individual whose principal place of abode is 6 Carlson Court, Palm Coast, Florida 32137.

3. Upon Plaintiff's information and belief, Defendant Mark William Adams is an individual whose principal place of abode is 21 Mahoe Drive South, Palm Coast, Florida 32137.

4. Plaintiff perfects service on Defendants pursuant to the provisions of Rule 7004(b)(1) of the Federal Rules of Bankruptcy Procedure.

5. The Court has jurisdiction over the subject matter of this proceeding pursuant to the provisions of the Bankruptcy Amendments and Federal Judgeship Act of 1984; pursuant to the provisions of Section 1334(a) of Title 28, United States Code, as amended; and pursuant to the provisions of Sections 157(b)(2)(A), (H) and (O), Title 28, United States Code.

6. This is a core proceeding pursuant to Sections 157(b)(2)(A), (H) and (O), Title 28, United States Code.

7. Venue is proper in this District pursuant Section 1409, Title 28, United States Code.

8. Pursuant to Rule 7008(a) of the Federal Rules of Bankruptcy Procedure, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

**FACTS COMMON TO ALL COUNTS**

9. On August 26, 2025 ("**Petition Date**"), Nicole Allison Adams (the "**Debtor**") filed a Chapter 7 Bankruptcy Petition, together with Schedules A through J, Statement of Financial Affairs, and other related documents (Bankr. Doc. No. 1).

10. On September 25, 2025, Plaintiff held and concluded the Section 341 Meeting of Creditors (the "**MOC**").

11. The allegations in this Complaint are formed based on, upon other things, the testimony of the Debtor given during the MOC as well as the Trustee's own independent investigation.

12. Upon the Trustee's information and belief, Defendant Michael Patrick Adams is the Debtor's husband and Defendant Mark William Adams is the Debtor's father-in-law.

13. Within two (2) years prior to the Petition Date, on or about July 22, 2025, the Debtor traded in her 2020 Lexus NX VIN: JTJJARBZ0L5013546 (the "**Vehicle**"), which was titled in the Debtor's name only, to Palm Coast Ford ("**PCF**").

14. The trade-in of the Vehicle to PCF was done by the Debtor for the benefit of Defendants.

15. Indeed, PCF provided approximately $22,000.00 as and for the trade-in value of the Vehicle; after payoff of the lien on the Vehicle in the approximate amount of $8,000.00, the difference of $14,000.00 (the "**Equity**") was applied towards the purchase of a 2025 Ford F-350 VIN: 1FT8W3BM7SEC26514 (the "**Ford**") which is titled in the names of the Defendants only.

16. The Debtor disclosed the Transfer on her Statement of Financial Affairs (*see* Bankr. Doc. No. 1).

17. The Debtor had an interest in the Vehicle at the time of the Transfer in that the Debtor was listed as the sole owner of record on the Certificate of Title to the Vehicle at the time of the Transfer.

18. The Transfer occurred within two (2) years of the Petition Date; indeed, the Transfer occurred within two (2) months of the Petition Date.

19. The Debtor was insolvent at the time of the Transfer or was rendered insolvent as a result of the Transfer.

20. Moreover, upon the Trustee's information and belief, the Debtor received no consideration of value or other exchange of money or property whatsoever, in exchange for the Transfer.

Case 3:26-ap-00099-JAB    Doc 1    Filed 02/25/26    Page 12 of 18

21. Upon the Trustee's information and belief, at the time of the Transfer, the Debtor was unable to satisfy her financial obligations as they were coming due, and knew she would be unable to satisfy their continued financial obligations (nor did she intend to satisfy any of her continued financial obligations, given the bankruptcy filing only *one month* after the trade-in of the Vehicle).

22. The Transfer is an avoidable transfer pursuant to 11 U.S.C. § 548 for which the Trustee may avoid the Transfer and recover the value of the Vehicle or the Vehicle itself pursuant to 11 U.S.C. § 550, as further set forth below.

23. Defendants were the immediate transferee of the Transfer.

24. There exists the following common circumstantial indicia of fraudulent intent that, when taken together, indicate the existence of actual fraud:

(i) The Debtor was insolvent at the time of the Transfer or were rendered insolvent as a result of the Transfer, and/or had or other unmanageable indebtedness at the time of the Transfer;

(ii) A special relationship existed between the Debtor and Defendants in that, upon the Trustee's information and belief, the Defendants are, respectively, the Debtor's husband and father-in-law;

(iii) Defendant knew or had reason to know that the Debtor had unmanageable indebtedness at the time of the Transfer; and

(iv) The consideration given in exchange for the Transfer ($0.00) was not reasonably equivalent value (no less than $14,000.00).

25. There are actual creditors of the Debtor that could avoid the Transfer pursuant to Florida law.

26. Specifically, on her Schedule E/F, the Debtor listed unsecured creditors with claims in the amount of no less than $70,107.81.

27. Upon the Trustee's information and belief, most of the debts listed by the Debtor on her Schedule E/F and/or filed in the Bankruptcy Case were incurred prior to and owing at the time of the Transfer to Defendants.

28. For these reasons and those more fully set forth below, the Transfer should be declared void as a matter of law, and the Trustee should be entitled to recover the property transferred (the Vehicle) or value of property (no less than $14,000.00) transferred, from Defendants.

29. Further, Defendants have been unjustly enriched by receiving the benefit of the Transfer of the Vehicle, with $0.00 being transferred to Debtor in exchange for same.

30. During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional avoidable transfers made to Defendants and/or other third parties as immediate or mediate transferees. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendants or any other transferee(s). Plaintiff therefore reserves his right to amend this Complaint to include, if necessary, (i) further information regarding the Transfer, and/or (ii) additional transfers to Defendants.

## COUNT I

**(Avoidance of Fraudulent Transfer Pursuant to
Section 548(a)(1)(A), Title 11, United States Bankruptcy Code)**

31. Plaintiff hereby incorporates paragraphs 1 through 30 as if fully re-written and restated at length herein.

32. The Debtor, with actual intent to hinder, delay, or defraud creditors of the estate, made the Transfer to Defendants to, among other things, place such assets outside the reach of Debtor's creditors.

33. Moreover, there exists the following common circumstantial indicia of fraudulent intent that, when taken together, indicate the existence of actual fraud:

(i) The Debtor was insolvent at the time of the Transfer or was rendered insolvent as a result of the Transfer, and/or had or other unmanageable indebtedness at the time of the Transfer;

(ii) A special relationship existed between the Debtor and Defendants in that, upon the Trustee's information and belief, the Defendants are, respectively, the Debtor's husband and father-in-law;

(iii) Defendants knew or had reason to know that the Debtor had unmanageable indebtedness at the time of the Transfer;

(iv) The consideration given in exchange for the Transfer ($0.00) was not reasonably equivalent value (no less than $14,000.00).

WHEREFORE, Plaintiff respectfully requests entry of a judgment in favor of Plaintiff and against Defendants (i) declaring the Transfer to be void as a matter of law pursuant to 11 U.S.C. § 548(a)(1)(A), (ii) ordering Defendants to surrender the value of the Transfer to Plaintiff, which value would be no less than $14,000.00, and (iii) granting such further relief as to which the Plaintiff may be entitled.

## COUNT II

### (Avoidance of Fraudulent Transfers Pursuant to Section 548(a)(1)(B), Title 11, United States Bankruptcy Code)

34. Plaintiff hereby incorporates paragraphs 1 through 30 and paragraphs 32 through 33 as if fully re-written and restated at length herein.

35. The Debtor received less than reasonably equivalent exchange of value from Defendants at the time she made the Transfer of the Vehicle to Defendants.

36. Indeed, the Debtor transferred title to the Vehicle, but received consideration in the amount of $0.00 in exchange for same.

37. The Debtor: (i) was insolvent on the date that such Transfer was made, or became insolvent as a result of such Transfer; (ii) was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; and/or (iii) intended to incur, or believed that she would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

WHEREFORE, Plaintiff respectfully requests entry of a judgment in favor of Plaintiff and against Defendants (i) declaring the Transfer to be void as a matter of law pursuant to 11 U.S.C. § 548(a)(1)(B), (ii) ordering Defendants to surrender the value of the Transfer to Plaintiff, which value would be no less than $14,000.00, and (iii) granting such further relief as to which the Plaintiff may be entitled.

### COUNT III

**(Recovery of the Transfers pursuant to 11 U.S.C. § 550)**

38. Plaintiff hereby incorporates paragraphs 1 through 30, paragraphs 32 through 33 and paragraphs 35 through 37 as if fully re-written and restated at length herein.

39. Section 550 of the Bankruptcy Code provides that to the extent that a transfer is avoided under section . . . 548 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

40. The Transfer from Debtor to Defendants constitutes a transfer for which the Trustee may recover the value of same from Defendants as the initial transferees.

41. To the extent the Transfer is avoided, Plaintiff is entitled to a monetary judgment against Defendants, or any such other immediate or mediate transferee(s) that may be gleaned

through discovery, in an amount equal to the avoided Transfer, plus the Trustee's costs incurred in this matter, or such other amount as this Court deems just and proper.

WHEREFORE, Plaintiff respectfully requests entry of a judgment in favor of Plaintiff and against Defendants (i) declaring the Transfer to be void as a matter of law pursuant to 11 U.S.C. § 548, (ii) ordering Defendants to the value of the Transfer to Plaintiff, which value would be no less than $14,000.00, and (iii) granting such further relief as to which the Plaintiff may be entitled.

### COUNT IV

**(Unjust Enrichment)**

42. Plaintiff hereby incorporates paragraphs 1 through 30, paragraphs 32 through 33, and paragraphs 35 through 37 and paragraphs 39 through 41 as if fully re-written and restated at length herein.

43. To the extent Defendants are not entitled to recovery of the funds under other Counts of this Complaint, they lack an adequate remedy at law.

44. The Debtor conferred a benefit upon Defendants by transferring the Vehicle (valued in an amount of no less than $14,000.00) to the Defendants, from which the Debtor received no consideration of value.

45. Defendants appreciated such benefit by receiving the Transfer and retaining same, while remitting $0.00 to Debtor.

46. Under circumstances, it is inequitable for Defendants to retain the benefit of the Transfer without paying true value to the estate.

WHEREFORE, Plaintiff respectfully demands that judgment be entered in favor of Plaintiff and against Defendants (i) awarding to Plaintiff an amount no less than $14,000.00, (ii) awarding Plaintiff his reasonable attorneys' fees and costs herein, including fees and costs incurred in connection with any appeal or further bankruptcy proceedings in the event he is the prevailing party in this adversary proceeding, and (iii) awarding Plaintiff any such further relief as may be deemed appropriate.

Respectfully submitted,
**JOHNSON LAW FIRM, P.A.**

/s/ Eugene H. Johnson
Eugene H. Johnson, Esq.
Florida Bar No. 0032105
Lauren W. Box, Esq.
Florida Bar No. 0106242
301 W. Bay Street, Ste. 1453
Jacksonville, Florida 32202
(904) 652-2400 Telephone
(904) 652-2401 Facsimile
eh@johnsonlawpa.com
lauren@johnsonlawpa.com

*Attorney for Plaintiff, Aaron R. Cohen, Chapter 7 Trustee*